# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LETICIA LOPEZ<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. 4:23-cv-00267-P |
| FIESTA MART, LLC D/B/A FIESTA MART STORE #79 and BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC.<br>Defendants. | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LETICIA LOPEZ (hereinafter "Plaintiff"), complaining of and about FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 and BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. (hereinafter "Defendants") and for the cause of action would show unto the Court the following:

### I.     PARTIES

1.1     Plaintiff LETICIA LOPEZ is an individual who resides in Irving, Texas.

1.2     Defendant FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79, is a Limited Liability Company registered to do business within the State of Texas. Defendant may be served through its registered agent **CT CORPORATION SYSTEM** located at **1999 BRYAN STREET, SUITE 900, TARRANT, TX 75201.** Said Defendant may be served with process at this location. Defendant was served and made an appearance therefore citations are not requested at this time.

1.3     Defendant BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC., is a corporation registered to do business within the State of Texas. Defendant may be served through its registered agent **URS AGENTS, LLC** located at **3610-2 N. JOSEY LANE, SUITE 223, CARROLLTON, TX 75007.** Said Defendant may be served with process at this location. Defendant was served and made an appearance therefore citations are not requested at this time.

## II. JURISDICTION AND VENUE

2.1.    Plaintiff is a citizen of the state of Texas for purposes of diversity jurisdiction under 28 U.S.C. §1332.

2.2     For purposes of diversity jurisdiction under 28 U.S.C. §1332, Defendant Fiesta Mart, LLC is a limited liability company organized under the laws of Texas. Its sole member BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. is a Delaware corporation with its principal place of business, or its nerve center in California.

2.3     For purposes of diversity jurisdiction under 28 U.S.C. §1332, Defendant BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC is a Delaware corporation with its principal place of business, or its nerve center in California.

2.4     This Honorable Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. §1332 as there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.5     Venue is proper in Northern District of Texas, because all of the acts or omissions which form the basis for this cause of action occurred in this district. As such, this Court is a proper venue.

### III.  FACTUAL BACKGROUND

3.1.    This case arises out of a fall that took place on May 2, 2021, at the 4245 East Berry, Fort Worth, Tarrant County, Texas location of FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79.  On that date, LETICIA LOPEZ, went to the FIESTA MART STORE # 79 for the purpose of shopping. At all relevant times, LETICIA LOPEZ was a business invitee of FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 and BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. While walking nearby the Agua Frescas area, suddenly and without warning Plaintiff slipped and fell on a wet area.

3.2    Defendants, their agents, servants, and employees knew, or in the exercise of ordinary care should have known, of the dangerous conditions that had been created by the objects on the ground; and of not putting up warning signs.  At all times mentioned herein, Defendant had prior knowledge of the dangerous condition in and about the store aisle.

### IV.  PREMISES LIABILITY and NEGLIGENCE OF FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79

4.1.    Plaintiff's incorporates herein by reference the factual allegations described more fully above.

4.2.    FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 breached a duty to its business invitees, including Plaintiff, to maintain the Premises in a reasonable manner so that its business invitees, including Plaintiff, would not be injured while on the Premises.

4.3.    FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 breached its duty by failing to maintain the Premises in a reasonably safe manner by allowing the liquid to remain on the floor when FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 knew or should have known of its existence and should have taken reasonable and appropriate steps to remedy the matter by cleaning the liquid up. Furthermore, FIESTA MART L.L.C. D/B/A FIESTA MART

STORE # 79 failed to monitor and maintain the area surrounding the drink station area (Agua Frescas area) when it knew or should have known that said drink station could and likely would produce spills

4.4. As a result of FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79's breach of duty, Plaintiff suffered injuries, incurred medical expenses, lost earnings, and time from work, and has experienced pain and suffering.

4.5. FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 either knew or reasonably should have known of the dangerous condition on the Premises, specifically, the wet area that plaintiff slipped on.

4.6. FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 failed to warn Plaintiff of the unreasonably dangerous condition despite having a duty to do so.

4.7. As a result of FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79's failure to warn, Plaintiff was injured, incurred, and will continue to incur medical expenses, lost earnings, and lost time from work, and has experienced pain and suffering.

4.8. Further, FIESTA MART L.L.C. D/B/A FIESTA MART STORE # 79 failed to timely and reasonably inspect the drink station area (Agua Frescas area) at the Premises where the incident occurred.

4.9. Each of such acts and omissions, singularly or in combination with others, were a proximate cause of the injury to Plaintiff, which Plaintiff prays for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

V. **PREMISES LIABILITY and NEGLIGENCE OF BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC.**

5.1. Plaintiff incorporates herein by reference the factual allegations described more fully above.

5.2.    BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. breached a duty to its business invitees, including Plaintiff, to maintain the Premises in a reasonable manner so that its business invitees, including Plaintiff, would not be injured while on the Premises.

5.3.    BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

a.  Failure to maintain the premises, including floor and walkways, m a reasonably safe condition;

b.  Failure to inspect the premises where the dangerous condition existed;

c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

d.  Failure to inform Plaintiff of the dangerous condition existing on the premises; and

5.4    Furthermore BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. failed to monitor and maintain the area surrounding the drink station area (Agua Frescas area) when it knew or should have known that said drink station could and likely would produce spills

5.5.    BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. either knew or reasonably should have known of the dangerous condition on the Premises, specifically, the wet area that plaintiff slipped on.

5.6.    BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. failed to warn Plaintiff of the unreasonably dangerous condition despite having a duty to do so.

5.7.    As a result of BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC.'S failure to warn, Plaintiff was injured, incurred, and will continue to incur medical expenses, lost earnings, and lost time from work, and has experienced pain and suffering.

5.8. Further, BODEGA LATINA CORPORATION D/B/A CHEDRAUI USA, INC. failed to timely and reasonably inspect the drink station area (Agua Frescas area) at the Premises where the incident occurred.

5.9 In the alternative to other counts, Plaintiff's injuries were the result of Defendants' ongoing negligent activity on the worksite at the time of the injury, not the condition of the premises. This negligent activity was the proximate cause of the bodily injuries to Plaintiff.

5.10. Each of such acts and omissions, singularly or in combination with others, were a proximate cause of the injury to Plaintiff, which Plaintiff prays for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. DAMAGES

6.1. As a result of the incident described above, Plaintiff sustained damages, including, but not limited to:

a. Mental anguish in the past; and mental anguish that, in reasonable probability, will be sustained in the future;

b. Physical pain sustained in the past; and physical pain that, in reasonable probability, will be sustained in the future;

c. Disfigurement and scarring in the past; and disfigurement and scarring that, in reasonable probability, will be sustained in the future;

d. Physical impairment in the past; and physical impairment that, in reasonable probability, will be sustained in the future;

e. Medical care in the past; and medical care that, in reasonable probability, will be sustained in the future;

f. Loss of services; and/or

g. Loss of earning capacity and/or wages in the past; and loss of earning capacity and/or wages that, in reasonable probability, will be sustained in the future.

6.2 Alternatively, Plaintiff sustained aggravation of pre-existing and subsequent medical, physical and/or psychological conditions. More particularly, if the evidence demonstrates that prior to the occurrence in question Ms. LETICIA LOPEZ had pre-existing

conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating, and the occurrence has aggravated and accelerated those conditions and/or made Ms. LETICIA LOPEZ more vulnerable and re-disposed to subsequent injury and to the effects of subsequent stressors and injuries.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; including interest, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully Submitted;

**ALEMAN LAW FIRM, P.C.**

*/s/ Sergio E. Aleman*
**Sergio E. Aleman**
Texas Bar No. 24027275

3110 Webb Avenue, Suite 180
Dallas, TX 75205
Telephone: 214-373-7774
Facsimile: 214-764-4035
sergio@sergioealeman.com

**ATTORNEY FOR PLAINTIFF**

**&**

                              **DASHNER LAW FIRM, P.L.L.C.**

                              */s/ Geoffrey B. Dashner*
                              Geoffrey B. Dashner
                              Texas Bar No. 00795313
                              geoffrey@dashnerlaw.com
                              */s/ Blake T. Hollingsworth*
                              Blake T. Hollingsworth
                              Texas Bar No. 24113368
                              blake@dashnerlaw.com

                              4500 Fuller Drive, Suite 209
                              Irving, Texas 75038
                              Tel: 972-793-8989
                              Fax: 972-259-2600

                              **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

       I do hereby certify that the foregoing document has been filed with the U.S. District Clerk and a true copy of such instrument has been served on all attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this day 28 of March, 2023, to the following:

**VIA E-SERVICE**
Maryalyce W. Cox
maryalycecox@mehaffyweber.com
MEHAFFYWEBER, P.C.
One Allen Center
500 Dallas, Suite 5200
Houston, Texas 77002
Tel: 214-777-4200
Fax: 214-777-4299

**ATTORNEYS FOR DEFENDANT**

                              */s/ Sergio E. Aleman*

                              Sergio E. Aleman